UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL STEVEN DURSHIMER,

      Plaintiff,

v.                          Case No. 8:20-cv-2014-T-33AEP


LM GENERAL INSURANCE COMPANY,

      Defendant.
_____/

**ORDER**

    This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

    "Federal courts have limited subject matter jurisdiction[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

    Plaintiff Michael Steven Durshimer originally initiated this insurance action arising out of an automobile accident in state court on June 5, 2020. (Doc. # 1-1). Thereafter, on

August 27, 2020, Defendant LM General Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 1-1 at ¶ 1) ("This is an action for damages that exceeds Thirty Thousand Dollars."). Instead, in its notice of removal, LM General relied upon the civil cover sheet attached to Durshimer's state court complaint, which stated the "amount of claim" was $500,000, and the insurance

policy in question, which contained a limit of $100,000 per person and $300,000 per accident. (Doc. # 1 at 2-3).

Upon review of LM General's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Durshimer's damages claim without engaging in heavy speculation." (Doc. # 3). Specifically, the Court concluded that the parties provided "no factual support for any of Durshimer's damages resulting from the automobile accident." (Id.). The Court then gave LM General an opportunity to provide additional information to establish the amount in controversy. (Id.).

LM General has now responded to the Court's Order in an attempt to establish the Court's diversity jurisdiction. (Doc. # 6). But LM General still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, LM General reiterates its opinion that the policy limit of $100,000 per person and Durshimer's state civil cover sheet establish that the amount in controversy exceeds $75,000. (Id. at 2-6). LM General supplements its notice of removal with Durshimer's pre-suit demand letter, which requests $50,000. (Id. at 6-7). LM General argues that this demand letter contains a typographical error, and should have provided for a demand of

$100,000, because other portions of the letter indicate that Durshimer believed a jury could award a higher sum. (<u>Id.</u> at 7-8). Regardless of that amount, LM General argues that this is further evidence that the amount in controversy exceeds $75,000. (<u>Id.</u>).

While the allegations in the Complaint reflect that Durshimer suffered injuries from the automobile accident, there is nothing in the Complaint to help the Court ascribe any monetary value to these damages. <u>See</u>, <u>e.g.</u>, <u>Williams v. Wal-Mart Stores, Inc.</u>, 534 F. Supp. 2d 1239, 1243-44 (M.D. Ala. 2008) (finding that a complaint which claimed only "unspecified damages" and listed the plaintiff's injuries did not show that the amount in controversy exceeded $75,000); <u>A.W. ex rel. Willis v. Wal-Mart Stores E., LP</u>, No. 6:12-cv-1166-Orl-36DAB, 2012 WL 5416530, at *1, *5 (M.D. Fla. Oct. 5, 2012) (finding that allegations of severe injuries, including "pain and suffering," "disability," "disfigurement," and "impairment of working ability" did not establish the amount in controversy).

No concrete information is provided regarding past or future medical expenses, pain and suffering, or lost wages. Accordingly, these categories of damages are too speculative to include in the amount in controversy calculation. <u>See</u>,

e.g., Pierre v. Gov't Emps. Ins. Co., No. 8:17-cv-1108-T-33JSS, 2017 WL 2062012, at *2 (M.D. Fla. May 13, 2017) (finding no basis to determine the amount in controversy when the complaint made "passing reference[s]" to "medical expenses," "out-of-pocket expenses," and "expense[s] of hospitalization," but "no specific procedures or corresponding costs [were] detailed").

Nor is the Court convinced that the amount in controversy requirement is satisfied based on the limits of the automobile policy under which Durshimer seeks to recover. "In determining the amount in controversy in the insurance context, . . . it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (quotation omitted); see also Amerisure Ins. Co. v. Island Crowne Developers, L.C., No. 6:10-cv-221-Orl-28DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits[.]"). And, unlike in other cases where courts have found that the amount in controversy was met

because the plaintiff sought damages in excess of a policy limit, Durshimer does not specify as much in his complaint. See <u>Keenan v. LM Gen. Ins. Co.</u>, No. 6:17-cv-1426-Orl-40GJK, 2017 WL 6312853, at *2 (M.D. Fla. Nov. 17, 2017) (finding that because the plaintiff sought damages in excess of the limit in her *complaint*, the amount in controversy was satisfied).

Additionally, the Court does not find LM General's argument that the demand letter of $50,000 contains a typographical error convincing. Regardless, pre-suit demand letters do not automatically establish the amount in controversy absent specified damages, which are absent here. See <u>Lamb v. State Farm Fire Mut. Auto. Ins. Co.</u>, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction). Nor does the Court find Durshimer's state civil cover sheet, which provides for an amount of claim of $500,000, compelling, considering the policy limit of $100,000, and absent any additional factual support.

Accordingly, LM General has not carried its burden of establishing this Court's diversity jurisdiction. The Court,

finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE